IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YVONNE MOSELY-SUTTON
  Plaintiff

v.              Civil Action No.: RDB-10-01130

KENNETH J. MACFADYEN, et al
  Defendants

_____

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

  Now come Kenneth J. MacFadyen ("MacFadyen") and Friedman & MacFadyen, P.A ("F&M"), by and through their attorneys, Friedman & MacFadyen, P.A. and Michael T. Cantrell, Esquire to respectfully represent to the court as follows:

### I. Background

  On September 9, 2005, Yvonne Mosely-Sutton ("Mosely") executed a Deed of Trust and Adjustable Rate Note ("Note") (collectively referred to as the "Security Instruments") in the amount of $397,000.00, secured by the property known as 198 Thomas Jefferson Terrace, Elkton, Maryland 21921 (the "Real Property"). The Deed of Trust is recorded among the land records of Cecil County Maryland at Book 1993 Page 466. The Security Instruments were executed in favor of New Century Mortgage Corporation and were subsequently assigned to Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust Series 2005-D Asset Backed Pass-Through Certificates ("Deutsche Bank"), and serviced by Chase Home Finance LLC ("Chase").

  In due time, the Security Instruments fell into default and the Substitute Trustees were appointed by Chase as substitute trustees to conduct a foreclosure sale. On October

21, 2009, the Substitute Trustees docketed a foreclosure action in the Circuit Court for Cecil County, Maryland ("Circuit Court") at Case Number 07-D-09001342 (the "Foreclosure Suit").

On December 11, 2009, the Real Property was sold at foreclosure to the highest bidder, Deutsche Bank.

Thereafter, Mosely filed several meritless pleadings in the Circuit Court in an ill fated attempt to thwart the foreclosure sale of the Real Property. These pleadings included the following:

-- Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim, Notice of Affidavit of Rescission and Revocation of Signature for Good Cause, and Self Executing Agreement, Revocation of Power of Attorney, Notice of Removal, Modification of Deed of Trust, Notice of Right to Cancel, Notice to Cease and Desist, Appointment of Successor Trustee, and Private Discharging and Indemnity Bond. Through the use of this particular filing, Mosely attempted, among other things, to remove the Substitute Trustees from their position, appoint her own trustee pursuant to the terms of the Deed of Trust, and then have her appointed trustee modify the terms of the Security Instruments.[1]

-- Administrative Notice of Beneficiary. Through the use of this filing, Mosely attempted to appoint "Richard E. Jackson, d/b/a RICHARD E. JACKSON ADMINISTRATIVE CHIEF JUDGE" and "John K. Northrop d/b/a JOHN K. NORTHROP, PUBLIC DEFENDER" as "Principal Trustee" and "Co-Trustee",

---

[1] See, Exhibit A attached hereto.

respectively.  In the roles that Mosely attempted to create for them, these two "trustees" were to "assume all responsibility of debt and liability" for the Deed of Trust.[2]

-- Motion to Void Illegal Foreclosure Action for Cause.  In this filing, Mosely demanded relief asserting admiralty and maritime claims sounding in contract and trust law violations pursuant to "…'The Saving to the Suitors Clause' at USC 28-1333(1)…"[3]

Despite Mosely's efforts to set aside the foreclosure sale through the use of pleadings that were meritless, rambling and non-sensical, the Circuit Court rejected the same, and ultimately ratified the foreclosure sale by Order docketed on April 28, 2010.[4]

Immediately thereafter, on May 6, 2010, Mosely filed the above captioned action that she identified as a "Pursuant to Civil Rights Violations, Fraud, Breach of Contracts, and Claim" ("Complaint").

## II. Legal Standard

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), the assertions set forth in a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  If the pleader fails to do so, then a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6).  The legal standard to be applied when evaluating a motion to dismiss is one of plausibility – "a complaint must state a claim that is plausible on its face" and incorporate "sufficient factual matter" in support of the claim.  *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), *Bell Atlantic v. Twombly,* 127 S. Ct.

---

[2] See, Exhibit B attached hereto.
[3] See, Exhibit C attached hereto.
[4] See, Exhibit D attached hereto.

1955, 1960, 550 U.S. 544 (2007).  If the pleader is unable to meet this plausibility standard, then the complaint must be dismissed.

While the court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7F.3d 726, 730 (4th Cir. 1993), the complaint must assert "factual allegations…that raise a right to relief above the speculative level." *Bell Atlantic*, at 1965.  In order to defeat a motion to dismiss, the Plaintiff cannot rely upon "allegations that are merely conclusory, unwarranted deductions of fact … unreasonable references" or factual allegations completely without basis to actual events.  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); See, *Revene v. Charles County Commissioners*, 882 F.2d 870 (4th Cir. 1989).  The allegations in the Complaint must give rise to entitlement to relief and while the Court may be generous in its review of the Complaint, such generosity does not require the Court to entertain Plaintiff's fantasy that they can proceed to prosecute a claim when there are no facts upon which to support it. *Bender v. Suburban Hosp. Inc.* 159 F.3d 186, 191 (4th Cir. 1998).

Furthermore, the Court is not limited to the allegations contained in the Complaint; it may also consider documents incorporated or referenced in the Complaint, including matters of public record, i.e. pleadings file in the underlying foreclosure suit filed in the Circuit Court for Cecil County, Maryland.  *Secretary of State for Defense v. Trimble Navigation, Ltd.*, 484 F.3d 700, (4th Cir. 2007); *Wyeth v. Lupin Ltd.*, 505 F.Supp.2d 303 (D.Md. 2007); *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748 (D.Md. 1997).

### III. <u>Argument</u>

The Complaint, as best as counsel has been able to determine (a determination that neither this Court nor Counsel should be required to make) sets forth the following causes of action which are disbursed throughout the Complaint:

1. Civil Rights claims pursuant to Title 42 §§ 1983, 1985, & 1986.[5]

2. Violations of Article 1, Section 10 of the U.S. Constitution.[6]

3. Contract and trust law claims.[7]

4. Vapor money claim.[8]

5. RICO violations pursuant to 18 USC §§ 891-894.

None of the counts contained in the Complaint set forth a viable claim for relief as to MacFadyen or F&M.  At most, the Complaint makes conclusory observations, without well pled facts to allow for any claim that is plausible on its face. See, *Ashcroft; Twombly.*  Absent well pled facts, the Plaintiffs' Complaint must be dismissed.

**1. Civil Rights Claims.**

The Complaint sets forth a claim for violation of Civil Rights claims pursuant to Title 42 §§ 1983, 1985 and 1986.

This Court does not need to reach the merits of the Civil Rights claims because there is a case already filed in the Circuit Court in which Mosely can assert the claims.  Said case is the Foreclosure Suit which served as the genesis of the foreclosure sale that occurred on December 11, 2009 and the flurry of incomprehensible filings in same by Mosely.  Mosely has not alleged in the Complaint that the Circuit Court is incapable of

---

[5] Complaint, pages 1, 2.
[6] Complaint, page 2.
[7] Referenced throughout the Complaint.
[8] Complaint, page 7.

addressing her Civil Rights claims.  Having failed to do so, this Court should reject jurisdiction in view of the pending state court proceedings and dismiss the Complaint.[9]

Should this Court determine that it wishes to retain jurisdiction, however, then Mosely's Civil Rights claims still fail because she has "failed to allege a racial or class-based discriminatory animus which is necessary to state a claim under Sec. 1985(3)"[10], as well as for the reasons set forth in in Chase's Motion to Dismiss, which are incorporated, as if fully set forth herein.[11]

### 2. Violations of Article 1, Section 10 of the U.S. Constitution.

Mosely subtly asserts[12] that she has a cause of action based upon violations of Article 1 Section 10 of the United States Constitution[13].  Said Section, however, addresses restrictions upon the individual States and the powers that they have.  There is no provision in the Section that addresses any of the issues raised in the Complaint as it applies to any of the named defendants, and therefore, it is of no relevance herein.

---

[9] *Fisher v. Federal National Mortgage Association*, 360 F.Supp. 207 (D. Md., 1973), citing, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Lynch v. Snepp*, 472 F.2d 769 (4th Cir. 1973).

[10] *Santistevan v. Loveridge,* 732 F.2d 116, 117 (C.A.10 (Colo.), 1984);  See, *Unus v. Kane*, 565 F.3d 103, 126 (4th Cir., 2009)

[11] See, Motion to Dismiss docketed at entry 12, page 4 through 5 which discusses the issues of "state actor", deprivation under the color of law, civil conspiracy and derivative claims. .

[12] Complaint, p. 2, first line.

[13] Article 1, Section 10 of the U.S. Constitution provides as follows:

"**Section. 10.**

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws: and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Controul of the Congress.

No State shall, without the Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay."

### 3. Contract and trust law claims.

Although the Complaint alleges in vague and conclusory terms that MacFadyen and F&M are liable to Mosely for breach of contract, the Complaint does not identify the contract to which it refers, does not identify any contract under which either of these defendants owes her a contractual duty and, does not state what provision of the alleged contract has been materially breached. Having failed to state any facts in support of the claim, the claim is insufficient and must be dismissed[14].

### 4. Vapor money claim.

In Count 2, Mosely states that "Lawful Money no longer is available for payment of debt in our economic system."[15] As with the rest of the Complaint, Count 2 is incoherent and rambling, yet it appears to be setting forth a claim based upon the unusual theory of "vapor money." Mosely states that she tendered a note to the New Century to settle the debt, yet the same was dishonored and the debt was not eliminated. Presumably, Mosely is referring to the promissory Note she executed in which she promised to pay the sum of $397,000.00. At any rate, the theory has been routinely rejected as being frivolous and insufficient to withstand a motion to dismiss.[16]

### 5. RICO violations pursuant to 18 USC §§ 891-894.

While it is unclear whether Mosely is actually asserting an additional cause of action for violations of 18 U.S.C. §§ 891-894 which she characterizes as an "Extortionate

---

[14] *RRC Northeast, LLC v. BAA Maryland, Inc.,* No. 70, September Term, 2009 (Md. App. 5/10/2010) (Md. App., 2010); citing *Taylor v. NationsBank,N.A.*, 365 Md. 166, 175, 775 A.2d 645, 651 (2001) ("To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.").

[15] Complaint, p. 7.

[16] *Johnson v. Deutsche Bank Nat'l Trust Co.*, No. 09-21246, 2009 WL 2575703 (S.D. Fla. July 1, 2009); See, *Kuder v. Wash. Mut. Bank*, 2009 WL 2868730, (E.D. Cal. Sep. 2, 2009), *Deutsche Bank Trust Co. America*, No. 08-1857, 2008 WL 5225824 (M.D. Pa. Dec. 12, 2008).

Credit Transaction"[17], in an abundance of caution MacFadyen and F&M will assume such to be the case. In making her claim, Mosely fails to provide any facts to suggest that MacFadyen or F&M made any extortionate extension of credit to her, or tried to collect the same using extortionate means.[18] Even if there had been sufficient facts to support her conclusions, the penalties for violating 18 U.S.C. §§ 892 and 893 are criminal in nature, not civil.[19]

Presumably, Mosely is attempting to assert a civil cause of action pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") provisions of Title 18 of the US Code.[20] However, she has failed to provide any facts upon which one could conclude that MacFadyen or F&M participated in any racketeering activity pursuant to 18 U.S.C. §1962(a-d), as the term is defined by 18 U.S.C. §1961(1), and she failed to assert the elements necessary to maintain a civil cause of action under RICO. In order to maintain her claim, Mosley must provide facts to support each of its elements which are "'an enterprise," a "pattern," "racketeering activity," and injury"[21] to herself. Having

---

[17] Complaint, p. 9.

[18] See, 11 U.S.C. § 891 which states: "**(6)** An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person.
**(7)** An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person."

[19] See, 11 U.S.C. §894 which states: "**(a)** Whoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means
**(1)** to collect or attempt to collect any extension of credit, or
**(2)** to punish any person for the nonrepayment thereof,
shall be fined under this title or imprisoned not more than 20 years, or both.

[20] See, 18 U.S.C. §§ 1961-1968.

[21] *Proctor v. Metropolitan Money Store Corp.*, 645 F.Supp.2d 464 (D. Md., 2009); See, *Biggs v. Eaglewood Mortg.*, LLC, 582 F.Supp.2d 707 (D. Md., 2008) (Plaintiff must also prove that she relied upon a misrepresentation by the defendant.)

failed to provide any facts or allege any of the required elements of a civil RICO claim, the same must be dismissed.

## IV.  CONCLUSION

MacFadyen and F&M respectfully request that the above captioned matter be dismissed, with prejudice.

Respectfully submitted,

FRIEDMAN & MacFADYEN, PA.


/s/ Michael T. Cantrell
Michael T. Cantrell, Esquire
Bar Number 08793
Attorney for Defendants
MacFadyen and F&M
210 East Redwood Street, Ste. 400
Baltimore, MD 21202
(410) 685-1763
Email:  mike@fmlaw.com