IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YVONNE MOSELY-SUTTON,  *

   Plaintiff,  *

      v.  *  Civil Action No. RDB 10-1130

KENNETH MACFADYEN, *et al.*,  *

   Defendants.  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Yvonne Mosely-Sutton ("Plaintiff"), proceeding *pro se*, filed the pending action against Defendants Kenneth MacFadyen ("MacFadyen"), Chase Home Finance ("Chase"), New Century Mortgage Corporation, and Mortgage Electronic Registration System, Inc. ("MERS") (collectively, "Defendants). Defendants have separately moved to dismiss. Plaintiff has also moved for the entry of default judgment and sanctions. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendants' Motions to Dismiss (ECF Nos. 12, 15 & 16) are GRANTED, and Plaintiff's Motion for Default Judgment and Sanctions (ECF No. 22) is MOOT.

### BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On September 9, 2005, Plaintiff borrowed $397,000 from New Century Mortgage, Inc. and executed a deed of trust which was secured by a property in Elkton, Maryland ("the

Property"). The deed of trust is currently serviced by Chase. Plaintiff eventually defaulted on her repayment obligations, and on October 21, 2009, suit was filed in the Circuit Court for Cecil County, Maryland to foreclose on the Property.

On May 6, 2010, Plaintiff filed a document which this Court will interpret as a Complaint that appears to assert the following claims against Defendants: violations of 42 U.S.C. §§ 1983, 1985, and 1986 (the "Civil Rights Claims"), "multiple violations under the contract and trust law" (the "Contract Claims"), and a "vapor money" allegation (the "Vapor Money Claim"). Compl. at 1-2, 7 (ECF No. 1). Plaintiff's complaint seems to indicate that she did not understand that she would be expected to repay the money that was loaned to her, or that she could lose the Property as a result of a failure to repay the loan. Compl. at 3-5.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the

2

assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

ANALYSIS

Plaintiff's Complaint appears to assert three general causes of action against Defendants: Civil Rights Claims, Contract Claims and a Vapor Money Claim.

**I.      Civil Rights Claims**

Plaintiff asserts that Defendants violated her civil rights pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.[1] In order to assert a claim under § 1983, a person "must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009). Plaintiff does not state the right of which she was deprived, or how any deprivation was performed under color of law. Furthermore, none of the Defendants are state actors. Thus, Plaintiff's § 1983 claim must be dismissed.

The United States Court of Appeals for the Fourth Circuit has stated that "in order to establish a cause of action for a conspiracy under § 1985, a plaintiff must prove (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Unus v. Kane*, 565 F.3d 103, 126 (4th Cir. 2009). Plaintiff does not plausibly allege any of the elements of a § 1985 claim. Thus, Plaintiff's § 1985 claim must be dismissed.

Section 1986 provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do ... shall be liable to the party injured ... for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented....

---

[1] Plaintiff also claims that she was the victim of "violations under the Constitution by Article [I], Section 10." Article I, Section 10 limits the power of the states, and does not relate to any of the issues raised in the Complaint, therefore Plaintiff cannot bring an action under this article of the U.S. Constitution.

Notably, claims brought under § 1986 are derivative of claims under § 1985. Thus, Plaintiff's failure to state a claim under § 1985 is fatal to her claim under § 1986. *See, e.g., Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) ("Hence, there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985."). Accordingly, Plaintiff's § 1986 claim must be dismissed.

## II. Contract Claims

To establish a cause of action for breach of contract in Maryland, a plaintiff must allege that a contractual obligation exists and that the defendant has breached that obligation. *See Continental Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977). Plaintiff does not allege what contracts any of the Defendants allegedly breached, or what actions Defendants took to breach any such contracts. Instead, Plaintiff concedes that she borrowed $397,000 from Chase's predecessor in interest and executed standard real estate loan documents. Accordingly, Plaintiff's Contract Claims must be dismissed.

## III. Vapor Money Claim

Plaintiff appears to make a vapor money claim by alleging that, "Lawful money no longer is available for payment of debt in our economic system." Compl. at 7. Plaintiff seems to assert that the loan at issue is unenforceable because "no such required cash was tendered," presumably at the closing of the loan. Compl. at 5, ¶ 14. To the extent Plaintiff asserts a vapor money claim, this Court has previously noted that this "theory has been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss." *Andrews v. Select Portfolio Servicing, Inc.*, 2010 WL 1176667, at *3 (D. Md. March 24, 2010). Accordingly, all claims based upon any variation of the vapor money theory must be dismissed.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 12, 15 & 16) are GRANTED, and Plaintiff's Motion for Default Judgment and Sanctions (ECF No. 22) is MOOT.

A separate Order follows.

Dated:  June 17, 2010                              /s/_____
                                                   Richard D. Bennett
                                                   United States District Judge